UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:09-CV-00015-JHM

STATE AUTO PROPERTY AND
CASUALTY INSURANCE COMPANY                      PLAINTIFF

V.

LORI HARGIS                                                             DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff State Auto Property and Casualty Insurance Company's Motion for Partial Summary Judgment [DN 79]. Fully briefed, this matter is ripe for decision. For the following reasons, the Court **GRANTS** the Plaintiff's motion for partial summary judgment.

## I. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The rule requires the non-moving party to present specific facts showing that a genuine

factual issue exists by "citing to particular parts of materials in the record" or by " showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252.

## II. BACKGROUND

This controversy arises out of a contract dispute between the Plaintiff, State Auto Property and Casualty Insurance Company ("State Auto"), and its insured, Defendant Lori Hargis. On or about October 11, 2007, State Auto issued a homeowner's insurance policy providing coverage for Hargis's property located at 7260 Rucker Road #1 in Henderson, Kentucky. (Compl. ¶ 9; Answer ¶ 9.) In pertinent part, the policy contains the following provisions related to intentional loss and fraud:

> **8.**  **Intentional Loss**
> a. Intentional Loss means any loss arising out of any act an "insured" commits or conspires to commit with the intent to cause a loss.
> In the event of such loss, no "insured" is entitled to coverage, even "insureds" who did not commit or conspire to commit the act causing the loss.
>
> **Q.** **Concealment or Fraud**
> We provide coverage to no "insureds" under this policy if, whether before or after a loss, an "insured" has:
> 1. Intentionally concealed or misrepresented any material fact or circumstances;
> 2. Engaged in fraudulent conduct; or
> 3. Made false statements;
> relating to this insurance.

(Insurance Policy at 11, 14; Special Provisions at 1.) Tragically, Hargis's home and its contents were destroyed by fire on December 9, 2007. (Compl. ¶ 11; Answer ¶ 11.)

2

There is no dispute that this homeowner's insurance policy was in force at the time of the loss. Rather, State Auto brought this action in the Henderson Circuit Court[1] seeking a declaration that it owes no duties to Hargis under the policy because she breached its intentional loss and fraud provisions. It argues that there is sufficient circumstantial evidence to show that Hargis was involved with setting fire to her own home and that she misrepresented her ownership of property that was destroyed in the fire, each rendering the insurance policy void. Hargis, on the other hand, denies these allegations and has asserted a counterclaim for breach of contract and bad faith.

In an earlier Memorandum, Opinion and Order dated April 23, 2010 [DN 63], the Court denied Hargis's motion for summary judgment on her claim for breach of contract and State Auto's claim for declaratory relief. In that opinion, the Court found that there was sufficient circumstantial evidence from which a jury could infer that Hargis set fire to her own home. That evidence included the fact that Hargis had an opportunity to set the fire, had the only key to the house, had a financial motive to set fire to the house, and had admitted that the fire had an incendiary origin. On January 19, 2011, Hargis was indicted by a grand jury in the Southern District of Indiana under 18 U.S.C. § 844(h) for conspiring to commit wire fraud through the use of fire in violation of 18 U.S.C. § 1343. State Auto has now filed a motion for partial summary judgment as to Hargis's bad faith claim.

### III. DISCUSSION

In order to state a claim for bad faith under Kentucky law, the insured must prove three elements: "(1) the insurer must be obligated to pay the claim under the terms of the policy; (2) the

---

[1] This action was subsequently removed to this Court by Hargis pursuant to 28 U.S.C. § 1441.

insurer must lack a reasonable basis in law or fact for denying the claim; and (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed." Fed. Kemper Ins. Co. v. Hornback, 711 S.W.2d 844, 847 (Ky.1986) (Leibson, J., dissenting) (adopted by incorporation in Curry v. Fireman's Fund Ins. Co., 784 S.W.2d 176, 178 (Ky.1989)). Thus, "[a]n insurer is entitled to challenge a claim and litigate it if the claim is debatable on the law or the facts." Wittmer v. Jones, 864 S.W.2d 885, 890 (Ky.1993) (quotation and internal markings omitted); see also Empire Fire & Marine Ins. Co. v. Simpsonville Wrecker Svc., Inc., 880 S.W.2d 886, 890 (Ky. Ct. App. 1994) ("[A] tort claim for a bad faith refusal to pay must first be tested to determine whether the insurer's refusal to pay involved a claim which was fairly debatable as to either the law or the facts.").

State Auto is challenging Hargis's ability to establish the second element of the bad faith claim. State Auto contends that its request for a declaratory judgment regarding Hargis's loss claim was reasonably debatable precluding a bad faith claim. In Houchin v. Allstate Indemn. Co., 2008 WL 4372900 (W.D. Ky. Sept. 22, 2008), a home insured by Allstate caught fire and was severely damaged. Allstate refused to pay a portion of the claim believing that the insureds were complicit in the fire. The insureds' brought a bad faith claim against Allstate under the Kentucky Unfair Claims Settlement Practices Act, ("KUCSPA") K.R.S. § 304.12-230. The insureds were eventually indicted and convicted of arson. While the convictions were being appealed, the Court dismissed the bad faith claim finding that the indictment alone established clear facts "to support a belief that the Plaintiffs had something to do with causing their house fire." Id. at *2. "Thus, coverage is fairly debatable on the facts and a bad faith claim for failure to pay cannot be maintained." Id. The Court found that the same result would occur regardless of whether the convictions were overturned. Id.;

4

see also Grange Mut. Cas. Co. v. Kerr, 2009 WL 1542702 (W.D. Ky. June 2, 2009) (finding that "even if the insurance policy was enforceable, Kerr's counterclaim for bad faith under the KUCSPA would still fail because the report of arson, combined with the evidence supporting the multiple indictments against Kerr, provided Grange with a reasonable basis in fact for denying his claim.")

In the instant case, it is undisputed by the parties that the cause of the fire was arson. Under the facts of this case, the Court finds that State Auto's refusal to pay Hargis's claim was at least reasonably debatable. The indictment simply provides further support for the Court's belief. Therefore, the Court grants summary judgment to State Auto as to Hargis's bad faith claim.[2]

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff State Auto Property and Casualty Insurance Company's Motion for Partial Summary Judgment [DN 79] is **GRANTED**.

cc: counsel of record

---

[2] The Court finds unpersuasive Hargis's citation to Farmland Mut. Ins. Co. v. Johnson, 36 S.W.3d 368 (Ky. 2000) for the proposition that summary judgment is inappropriate regarding the reasonably debatable prong. The Court finds that Farmland is distinguishable in that it addressed the amount of coverage at issue, and not the availability of coverage. See Stine v. State Farm Fire & Cas. Co., 2009 WL 4704889, at*1 (W.D. Ky. Dec. 9, 2009) *affirmed on other grounds by* 2011 WL 2535272 (6th Cir. June, 27, 2011) (finding that Farmland was not applicable where the question at issue was whether coverage under the policy was fairly debatable).